# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0518
Filed July 22, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Sean Curtis Sinclair,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Polk County,
The Honorable David Nelmark (trial), and The Honorable Paul D. Scott
(sentencing), Judges.

————————

**AFFIRMED**

————————

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Ahlers, P.J., Sandy, J., and Telleen, S.J.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

Sean Sinclair was convicted of eluding (enhanced as a second offense and as a habitual offender), operating while intoxicated (OWI) (enhanced as a second offense), and multiple simple misdemeanors following his flight from law enforcement officers trying to get him to stop his vehicle.

Reasonable jurors could have found the following facts supporting the convictions. When a law enforcement officer tried to stop Sinclair's vehicle for a traffic violation, Sinclair raced off, leading multiple officers on a high-speed chase. Sinclair eventually stopped his vehicle but then got out and fled on foot—falling and hitting his head in the process—before being apprehended. After apprehending Sinclair, officers noticed him slurring his speech; and he admitted to using methamphetamine, pills, and "weed."

Sinclair appeals, raising two challenges.[1] He contends (1) there was insufficient evidence that he was under the influence of drugs to support his OWI conviction; and (2) the district court abused its discretion by considering an improper factor at sentencing.

As to Sinclair's sufficiency-of-the-evidence challenge, we review for correction of errors at law. *See State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022). We view the evidence in the light most favorable to the State, and the

---

[1] Sinclair filed notices of appeal in his felony eluding and OWI case and in six simple misdemeanor cases. Before transferring this appeal to our court, the supreme court granted discretionary review in the simple misdemeanor cases and consolidated those appeals with the appeal in the eluding and OWI case. However, Sinclair does not challenge his convictions in the simple misdemeanor cases or directly challenge the corresponding sentences or penalties. Because the district court sentenced him in the felony and simple misdemeanor cases at the same time, we presume Sinclair appealed the simple misdemeanors in order to receive resentencing in those cases should we grant Sinclair relief in the felony case.

verdict binds us if supported by evidence sufficient to convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id.* at 516–17.

The jury was instructed that, to find Sinclair guilty of OWI, one of the elements the State was required to prove was that Sinclair was "under the influence of drugs" when he operated his vehicle.[2] Sinclair challenges the sufficiency of the evidence supporting this element.

The jury instructions defined "under the influence" as follows:

> A person is "under the influence" when, by consuming an alcoholic beverage or other drug, or a combination of such substances, one or more of the following is true:
>
> 1. His reason or mental ability has been affected.
>
> 2. His judgment is impaired.
>
> 3. His emotions are visibly excited.
>
> 4. He has, to any extent, lost control of bodily actions or motions.

The jury was also instructed that it could consider Sinclair's refusal to provide a urine sample to test for drugs and his manner of driving in deciding whether Sinclair was under the influence of drugs.

Sinclair contends his flight from law enforcement demonstrated an intent to elude, but it didn't provide evidence of being under the influence. He also contends the minor head injury he sustained while fleeing on foot explains his slurred speech. While these are fine arguments to make to the jury, the jury already rejected them, and it is not our place "to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence." *Mathis*,

---

[2] Because Sinclair does not object to this instruction, it is the law of the case for purposes of reviewing the sufficiency of the evidence. *See State v. Lindaman*, 30 N.W.3d 547, 555 (Iowa 2025).

971 N.W.2d at 519 (citation omitted).

Viewed in the light most favorable to the State, the jury heard evidence that Sinclair drove erratically both before and after law enforcement tried to initiate a traffic stop; fled from law enforcement at high speeds; had slurred speech; admitted using illegal drugs; and refused to provide a urine sample for drug testing. This evidence is sufficient to allow a rational fact finder to conclude that Sinclair operated his vehicle while under the influence of drugs. As a result, his sufficiency-of-the-evidence challenge fails.

Sinclair also contends the court considered an improper factor in deciding to send him to prison rather than suspending his prison sentence. Specifically, he contends the court imposed a harsher sentence because he exercised his right to a trial. To support this contention, he relies on the court's statement during the pronouncement of the sentence that Sinclair "didn't accept responsibility here" after the court had previously asked why "this case dragged on so long." Sinclair posits that these two comments show that the court held it against Sinclair for going to trial.

When, as here, the sentence is within statutory limits, the sentence is presumed valid and we will only overturn it for an abuse of discretion or consideration of inappropriate matters. *See State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024). Consideration of an improper factor is an abuse of discretion. *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).

Sinclair is correct that the court cannot use his decision to go to trial against him. *See id.* But it is permitted to use lack of remorse as an aggravating sentencing factor. *Id.* ("A defendant's lack of remorse is highly pertinent to evaluating [his] need for rehabilitation and [his] likelihood of reoffending . . . ." (cleaned up)). And it is Sinclair's "burden to affirmatively

demonstrate that the sentencing court relied on an improper factor." *See State v. Hightower*, 8 N.W.3d 527, 543 (Iowa 2024) (citation omitted).

Sinclair has not met his burden. He has not affirmatively demonstrated that there was any connection between the court's inquiry as to why the case had dragged on so long and its later comment that Sinclair "didn't accept responsibility here." Further, Sinclair has not shown that the court's comment that Sinclair wasn't taking responsibility for his criminal behavior had anything to do with his decision to go to trial. To the contrary, Sinclair made several comments during his allocution that demonstrated a lack of remorse. He said, "I got in this situation, and it just keeps dragging." Stating that he "got in this situation" suggests that he feels someone or something else caused his situation rather than it being a direct result of his own criminal conduct. This demonstrates lack of remorse. He also said, "I wasn't drunk or anything like that." Of course, a jury had determined that he was under the influence of drugs, so his claim that he "wasn't drunk or anything like that" demonstrated a failure to take responsibility for his actions. *See West Vangen*, 975 N.W.2d at 355–56 (upholding a sentence when the defendant's statements showed "she was not taking responsibility for the actions the jury found her guilty of committing"). In short, the court did not consider an improper factor in sentencing Sinclair, so we reject his sentencing challenge.

Having rejected both of Sinclair's challenges, we affirm.[3]

**AFFIRMED.**

---

[3] Because any sentencing relief in the simple misdemeanors is contingent on Sinclair's success challenging his conviction and sentence in the felony case and those challenges fail, his challenges to the simple misdemeanors likewise fail.